```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22143-Civ-KING
                                      (01-62-Cr-KING)
                              MAGISTRATE JUDGE P. A. WHITE
```

TERRANCE FREDERICK,         :

    Movant,              :

v.                          :            <u>REPORT OF</u>
                                         <u>MAGISTRATE JUDGE</u>
UNITED STATES OF AMERICA,   :

    Respondent.          :
_____

## <u>Introduction</u>

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentences for two counts of possession of cocaine and marijuana entered following a guilty plea, as well as one count of felon in possession of a firearm, entered following a jury verdict in case no. 01-62-Cr-King.

The Court has reviewed the motion (Cv-DE#1) with supporting memoranda (Cv-DE#1; Cv-DE#s12/13), the government's response (Cv-DE#18), the movant's reply (Cv-DE#24), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## <u>Procedural History</u>

Briefly, the procedural history of the underlying criminal case reveals that the movant was charged by Indictment with felon in possession of a firearm (Count 1), possession of cocaine (Count 2), possession of marijuana (Count 3). (Cr-DE#1). On the first day

of trial, July 13, 2001, the movant pled guilty as to Counts 2 and 3, but proceed to trial as to Count 1. (Cr-DE#33-35,37). Prior to trial, the parties entered into a stipulation, agreeing that the movant had two prior felony drug convictions which did not need to be proved at trial. (Cr-DE#29). Following a two-day trial, the movant was convicted as to Count 1, following a jury verdict. (Cr-DE#35).

Prior to sentencing, a PSI was prepared which revealed as follows. The PSI grouped Counts 2 and 3 with Count 1, pursuant to U.S.S.G. §3D1.2(d). (PSI ¶13). In the case of counts grouped together, pursuant to U.S.S.G. §3D1.2(c), the offense level applicable to the group is the offense level determined for the most serious of the charges. (Id.). The PSI then set the movant's base offense level at 24, pursuant to U.S.S.G. §2K2.1(a)(2), because the offense involved the unlawful possession of a firearm by a defendant who has two prior felony convictions for either a crime of violence or a controlled substance offense. (PSI ¶14).

The probation officer further determined that the movant was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. §4B1.4(a), because the movant had five prior convictions for violent felonies, case nos. F91-6416, F92-28423, F92-23950, F91-045024, and F93-2762.[1] (PSI ¶20). Pursuant to U.S.S.G. §4B1.4(3)(B), the offense level for an armed career criminal was set at a level 33. (Id.).

The probation officer next determined that the movant had a total of 16 criminal history points, resulting in a criminal history category VI. (PSI ¶¶38-39). However, because he qualified

---

[1] Four of the five prior convictions were convictions for carrying a concealed firearm.

for an enhanced sentence as an armed career criminal, his criminal history points were of no import, as a career offender's criminal history category is always VI pursuant to U.S.S.G. §4B1.4(c)(1). (PSI ¶39).

The statutory term of imprisonment as to Count 1, for violating 18 U.S.C. §924(e) is no less than 15 years in prison. (PSI ¶70). Regarding Counts 2 and 3, a violation of 21 U.S.C. §844(a), requires a term of imprisonment of no less than 90 days and no more than 3 years in prison. (PSI ¶70).

Based on a total offense level 33 and a criminal history category VI, the movant's resulting guideline range was 135 to 168 months in prison. (PSI ¶71). However, pursuant to U.S.S.G. §5G1.1(b), the guideline range was set at 180 months. (PSI ¶71). for career offender is always Pursuant to U.S.S.G. §4B1.4(c)(3), the movant's criminal history category remained the same. (PSI ¶42). Based on a total offense level 34 and a criminal history category IV, the movant's guideline range was 210 to 262 months in prison. (PSI ¶92). The statutory minimum mandatory, however, was 15 years in prison for violation of 18 U.S.C. §924(e)(1). (PSI¶91).

On October 19, 2001, the movant appeared for sentencing. At that time, defense counsel acknowledged that under binding Eleventh Circuit precedent, carrying a concealed firearm was considered a crime of violence for purposes of determining an enhanced sentence as an armed career criminal. (Cr-DE#40:3-4,7). Thereafter, the court found the movant qualified for the enhanced sentence, and sentenced him to a term of 180 months in prison as to Count 1, and two concurrent terms of 3 years in prison as to Counts 2 and 3, followed by a total of 5 years supervised release. (Cr-DE#:40:6-7). The movant appealed, and his judgment was affirmed in a written,

but unpublished opinion on November 6, 2002. See United States v. Frederick, 54 Fed.Appx. 684 (11th Cir. 2002); (Cr-DE#52).

For purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on February 6, 2003, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's conviction on direct appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than February 6, 2004. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986).

This motion to vacate, however, was filed on July 16, 2008, over five years after his conviction became final.[3] (Cv-DE#1). The movant argues, however, that this first collateral motion to vacate was filed within one year of the Supreme Court's decision in Begay v. United States, ___ U.S. ___, 128 S.Ct. 1581 (2008). (Cv-DE#1).

Construing the arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant in essence appears to argue that since the date of the sentencing in his case, the Supreme Court in Begay v. United States, __ U.S. ___, 128 S.Ct. 1581 (April 16, 2008), and thereafter, the Eleventh Circuit in Archer v. United States, 531

---

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[3]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

U.S. 1347 (11th Cir. 2008), have now clarified that a conviction for carrying a concealed firearm is not a qualifying predicate offense under the Armed Career Criminal Act, 18 U.S.C. §924(e). (Cv-DE#13). The movant argues that the new rule enunciated by the Supreme Court is retroactively applicable to cases on collateral review because the new rule is substantive, rather than procedural. (Id.). Therefore, the movant concludes that, in light of Begay and Archer, he is entitled to resentencing. (Id.).

Additionally, the movant claims[4] he is entitled to relief pursuant to §2255 on the bases of "(1) ineffective assistance of counsel,[5] and (2) fundamental error in sentencing him as an armed career criminal, a status of which he is actually innocent, which caused his sentence to exceed the jurisdictional limits of applicable statutory maximum and resulted in a manifest injustice."[6] (Cv-DE#13).

The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without

---

[4]The claims are identified as they appear in the movant's supplemental brief which has been filed with the assistance of counsel.

[5]It should be noted that at the time of sentencing in this case, the district judge stated, in response to the movant's arguments regarding his enhanced sentence that it was required to follow binding Eleventh Circuit law, "but certainly given the extreme seriousness of the sentence, I [court] want to give the defendant every opportunity to raise it *either* on direct appeal or 2255 or habeas corpus...." (Sent. Trans. at 4)(emphasis added).

[6]It is true that counsel raised a similar argument at sentencing, but Eleventh Circuit precedent at the time precluded success on the issue had it been raised on appeal. Consequently, the ineffective claim appear to be without merit. Contrary to the government's argument, however, the movant is not seeking relief based solely on *pro se* arguments specifically identified by him in his initial motion, but based on new Supreme Court precedent which this Court finds retroactively applicable to cases on collateral review.

5

jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. §2255(a); see also, Hill v. United States, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4th Cir. 1995)(citations omitted).

### Prior Convictions for Carrying a Concealed Firearm

Before analyzing whether movant is precluded from seeking relief under the auspices of §2255 because of untimeliness or procedural default, the Court will assess whether the prior convictions for carrying a concealed firearm continue to be classified as violent felonies under §924(e)(2)(B)(i) or (ii) and, if not, whether the declassification should be applied retroactively. The first question involves a determination of whether a newly recognized right has been announced by the Supreme Court, and the second question is, if so, then should it be applied retroactively. While the Supreme Court is the only authority capable of creating a new right, even a district court may determine retroactive applicability. See Dodd v. United States,[7] 365 F.3d 1273, 1280-81 (11th Cir. 2004), citing, Garcia v. United States, 278 F.3d 1210, 1213 n. 4 (11th Cir.). cert. den'd, 537 U.S. 895 (2002); see also United States v. Swinton, 333 F.3d 481, 487 (3d Cir.)("We conclude-and the parties agree-that the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions."), cert. den'd, 540

---

[7]In addition to holding that district courts may determine retroactivity, the Eleventh Circuit in Dodd also set forth its reasoning in detail regarding when the statute of limitations begins to run under 28 U.S.C. § 2255(f)(3).

6

U.S. 977 (2003).

Here, as in Dodd, the Government has conceded that the Supreme Court created a new right in Begay. (Cv-DE#18). The newly-created right applicable to the movant in this case changes the manner in which his prior convictions, in particular for carrying a concealed firearm, are deemed to be a "violent felony" under the relevant statute. Section 924(e)(2)(B) defines a "violent felony" as any crime for which the punishment exceeds one year in prison and either (i) possesses the element of "use, attempted use, or threatened use of physical force against the person of another;" or (ii) is a "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

As will be recalled, the movant was convicted in relevant part of being a felon in possession of a firearm and was sentenced as an armed career criminal based on numerous prior convictions for carrying a concealed firearm. The Armed Career Criminal Act ("ACCA") provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, . . . such person shall be . . . imprisoned not less than fifteen years." See 18 U.S.C. §924(e)(1)(emphasis added). The statutory definition of "violent felony" incorporates two separate clauses, the latter of which ("clause (ii)") includes any felony that "is [a] burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious risk of physical injury to another.</u>" See 18 U.S.C. §924(e)(2)(B)(ii)(emphasis added). The scope of that section was at issue when the United States Supreme Court decided Begay in April 2008.

In Begay, the Supreme Court held that New Mexico's felony DUI offense fell outside the scope of the ACCA's "violent felony" definition. Begay, 128 S.Ct. at 1584-85, 1588. In Begay, the defendant was convicted, like the movant here, of being a felon in possession of a firearm and was sentenced as an armed career criminal under the relevant statute. The Court reasoned that although a DUI involves conduct that could present a serious risk of physical injury to another person, a DUI is too dissimilar from the enumerated examples under §924(e)(2)(B)(ii). Id. at 1584. The type of crime intended to be included as a "violent felony" must be similar "in kind as well as in degree of risk posed" to the crimes of burglary, arson and the other crimes listed. Begay, 128 S.Ct. at 1585. Hence, the Supreme Court concluded that a DUI does not constitute a "violent felony" for purposes of the statute.

Two months after the Supreme Court's decision in Begay, the Eleventh Circuit issued its decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).[8] In Archer, the Eleventh Circuit re-considered whether a prior conviction for carrying a concealed firearm was a "crime of violence" within the meaning of the Sentencing Guidelines' career offender enhancement. Archer, 531 F.3d at 1347. The Guidelines provide for a career offender enhancement where a defendant has at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. Id. at 1349 (citing, U.S.S.G. §4B1.1(a)). Section 4B1.2 defines a "crime of violence" inter alia, as any felony that "is [a] burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The Eleventh Circuit in Archer noted that Begay was "instructive

---

[8]Archer was decided on June 26, 2008.

because of the similar definitions of a 'crime of violence' in the Guidelines and of a 'violence felony" in [the] ACCA." Id. at 1350 n.1. Indeed, the Eleventh Circuit stated that it "has repeatedly read the definition of 'violent felony' under §924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of 'crime of violence' under U.S.S.G. §4B1.2." Archer, supra at 1352..

Like the Begay Court, the Archer Court assumed that carrying a concealed firearm presented a serious risk of injury to another. However, in Archer, the Eleventh Court concluded that carrying a concealed firearm does not involve the aggressive, violent conduct that is inherent in the enumerated crimes. Id. at 1351. Rather, the Eleventh Circuit found that carrying a concealed firearm "is a passive crime centering around possession, rather than around any overt action" or "purposeful conduct." Id. at 1351 (emphasis in original). The Eleventh Circuit observed that Begay "set forth a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence,' that Begay was "clearly on point," and that it is "thus bound to follow this new rule of law."[9] Id. at 1352 (emphasis added).

Accordingly, the Eleventh Circuit held that after Begay, carrying a concealed firearm did not involve a crime of violence within the meaning of the career offender sentencing guidelines. United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). As concluded correctly by the government (Cv-DE#18:30-31), the movant's prior convictions for carrying a concealed firearm no longer qualify as crimes of violence for purposes of an enhanced sentence as an armed career criminal under §924(e). In light of

---

[9]In so holding, the Eleventh Circuit noted that a specific intent to conceal a weapon is not an element of the crime and that the lack of required specific intent makes carrying a concealed weapon more similar to a DUI than to the enumerated crimes under the ACCA. Archer, supra.

Begay and Archer, it appears that the movant now only has one prior conviction that qualifies as a crime of violence under the ACCA, and therefore the enhanced sentence cannot stand.[10]

### Retroactive Application of New Rule

The fact that the Supreme Court has not held that such a new right should be applied retroactively on collateral review does not prevent this Court from doing so. The decision to apply retroactively a newly created right does not lie solely in the hands of the Supreme Court. Dodd, 365 F.3d at 1278 (citing Garcia v. United States, 278 F.2d 1210, 1213 n. 4 (11th Cir. 2003)); Ashley v. United States, 266 F.3d 671 (7th Cir. 2001)(holding that courts of appeals and district courts may decide retroactivity question when determining whether defendant's motion under 28 U.S.C. §2255 is timely). On the contrary, both appellate and district courts may serve as the venue in which such retroactive applications are

---

[10] It should further be noted that this District Court has had occasion to consider the identical issue in Davis v. United States, Case No. 08-61066-Civ-Cohn. There, the district court judge adopted a Report recommending that, in light of Begay, the movant's motion be granted and he be resentenced. The Eleventh Circuit has held that it is not error "for a court to take judicial notice of related proceedings and records in cases before that court." Kinnett Dairies, Inc., v. J. C. Farrow, etc., et al., 580 F.2d 1260, 1277 n.33 (5th Cir. 1978), citing, State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino and Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975). See also Aloe Creme Laboratories v. Francine Co., 425 F.2d 1295 (5th Cir. 1970) (per curiam)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time." Id. at 1296). See also, Fed.R.Evid. 201(b) which provides that "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Other district courts to have considered the issue have also concluded that the motion should be granted and the movant resentenced. See United States v. Radabaugh, 2009 WL 565065 *5 (N.D. Ok. 2009); George v. United States, 2009 WL 1370858 (M.D. Fla. 2009). But see, United States v. Narvaez, 2009 WL 1351811 (W.D. Wis. 2009)(holding that Begay is not retroactively applicable to cases on collateral review).

decided.[11]

Generally, new constitutional rules of criminal procedure created by the Supreme Court may not be applied to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310 (1989). Teague, however, permits an exception, to-wit: application of a new substantive, as opposed to a new procedural, rule of criminal law created by the Supreme Court may be applied retroactively on collateral review. Ross v. United States, 289 F.3d 677, 681 (11th Cir. 2002)(observing that "Teague's bar, however, does not apply when the Supreme Court decides a new substantive rule of criminal law as opposed to a new procedural rule[ ]" and stating that "a new rule is substantive when it interprets 'the meaning of a criminal statute enacted by Congress' so that the conduct for which a defendant was convicted may no longer be illegal.") (quoting Bousley v. United States, 523 U.S. 614, 620 (1998)). Under the reasoning of Ross, therefore, if the new rule announced by the Supreme Court makes conduct for which a defendant was convicted no longer illegal, then the meaning of that statute has been substantively changed. Ross, 289 F.3d at 681.

This Court finds, as did the district court in United States v. Glover, 2008 WL 2951085 (N.D.Okla. Jul. 28, 2008), that Begay announced a new substantive rule such that the conduct of carrying a concealed firearm no longer constitutes a prior conviction capable of being used to enhance a sentence under §924(e)(2). See Ross, 289 F.3d at 681. Such conduct is now categorically outside the reach of the federal statute because the new rule enunciated in

---

[11]An example of the Eleventh Circuit determining retroactivity is Ross v. United States, 289 F.3d 677 (11th Cir. 2002), cert. denied, 537 U.S. 1113 (2003), in which the Court held that Richardson v. United States, 526 U.S. 813 (1999), should be applied retroactively on collateral review. An example of a district court determining retroactive application is United States v. Glover, 2008 WL 2951085 (N.D.Okla. Jul. 28, 2008).

11

Begay "narrow[ed] the scope of [the ACCA] by interpreting its terms." See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004).

Consequently, as also conceded correctly by the government (Cv-DE#18:12-13), because the Supreme Court and the Eleventh Circuit have both removed the crime of carrying a concealed firearm from consideration as a "violent felony" warranting enhancement under the statute, the creation of this substantive criminal rule change should apply retroactively to the movant. In light of Begay and Archer, a prior conviction for carrying a concealed firearm no longer qualifies as a predicate offense under the Guidelines or the ACCA. Since the movant here was sentenced under the ACCA based on numerous prior felonies for carrying a concealed firearm, which now do not qualify as predicate offenses, the new substantive rule announced in Begay applies retroactively and warrants that the movant's sentences be vacated.

## Timeliness of Motion

Having determined that the both the Supreme Court and the Eleventh Circuit have created a new substantive right in that carrying a concealed firearm is no longer a "violent felony" for purposes of §924(e)(2)(B)(i) or (ii), and that such a new right should be applied retroactively, the Court now turns its analytical focus on whether the motion is time-barred under the provisions of §2255 or subject to the doctrine of procedural default.

The statute of limitations begins to run for purposes of filing a motion under §2255(f)(3) when the Supreme Court creates a new right, which in this case is, at the earliest, April 16, 2008,

12

the date <u>Begay</u> was decided.[12] <u>Begay</u> altered the manner in which a "violent felony" was to be determined. Thus, as conceded correctly by the government (Cv-DE#18:10), the movant's motion was timely filed within one-year of the <u>Begay</u> decision. <u>See</u> <u>Dodd</u>, 365 F.3d at 1281 (concluding that limitations period provided for in §2255(f)(3)[13] begins to run on the date of decision of United States Supreme Court which recognized newly created right).

As to procedural default, the government correctly points out that although the movant argued at sentencing that his prior convictions for carrying a concealed firearm were not "violent felonies" for purposes of classifying him as an armed career criminal, he failed to argue this issue on direct appeal. Furthermore, as the government correctly contends, the movant has failed to show cause and prejudice excusing this default. Thus, the Court agrees with the government's assessment that the movant has procedurally defaulted his challenge to his prior convictions for carrying a concealed firearm in this collateral proceeding under §2255.

---

[12]The judgment of the Eleventh Circuit was entered on November 6, 2002. The conviction became final at the latest on February 6, 2003, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's conviction on direct appeal. Clearly the one year statute of limitations for filing a motion under §2255(f)(1) had expired when he filed this motion, absent the creation of a new right by the Supreme Court which activated the limitations period of §2255(f)(3).

[13]The limitations contained in §2255(f)(3) is broader than that present in §2255(h)(2). The one-year limitation in §2255(f)(3) applies when th e"right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," whereas the limitations contained in §2255(h)(2) describe narrower circumstances in which collateral review can be sought-not only must the right have been recognized by the Supreme Court but the right must also have been made "retroactive to cases on collateral review *by the Supreme Court*." (Emphasis Added). The interplay between these two sections appears to mean that for defendants who seek to file a second or successive petition based upon a "newly recognized right," the right must have been recognized *and* made retroactively applicable by the Supreme Court within a year.

The movant, however, is not without a remedy. Contrary to the government's argument, the Court agrees with the movant's position that the "actual innocence" doctrine applies within the context of challenging a predicate offense utilized to classify a defendant as a career offender. See United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (concluding, in light of the reasoning of United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994), that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision.")(and other cases cited); see also Haley v. Cockrell, 306 F.3d 257, 265-66 (5th Cir. 2002) (adopting reasoning of Maybeck and Mikalajunas), vacated and remanded on other grounds, Dretke v. Haley, 541 U.S. 386 (2004).[14]

Under the totality of the circumstances present here, the movant has clearly established that he is entitled to relief under §2255 for three separate reasons, and therefore vacatur of his judgment is warranted and a new sentencing hearing recommended. First, as the government concedes and the Court has independently determined, Begay applies retroactively to this case on collateral review such that the movant's prior convictions for carrying a concealed firearm no longer qualify as violent felonies for purposes of characterizing him as an armed career criminal pursuant to §924(e)(2)(B)(i) or (ii). Second, the movant's motion is timely and not subject to procedural default because of the "actual innocence" doctrine. Finally, the movant, absent the armed career

---

[14]Although the Supreme Court's grant of certiorari in this case was designed to resolve the conflict among several circuit courts of appeals with regard to the application of the "actual innocence" doctrine within the context of a noncapital sentence, the Court ultimately determined that there was no need to resolve that issue "[b]ecause the District Court failed to consider alternative grounds for relief urged by respondent, grounds that might obviate any need to reach the actual innocence question[.]" Dretke v. Haley, 541 U.S. 386, 388-89 (2004). Thus, the Court vacated the judgment of the Fifth Circuit Court of Appeals and remanded for further proceedings. 541 U.S. at 396.

offender enhancement, as conceded by the Government, would have necessarily received a lower sentence, thus entitling him to be resentenced.

## Conclusion

It is therefore recommended that the motion to vacate be granted, the movant's sentences be vacated, and that he be resentenced consistent with the holding of Begay and Archer.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 22nd day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Marc David Seitles, Esquire
    Attorney for Movant
    169 E. Flagler Street, Suite 1200
    Miami, FL 33131

    Anne R. Schultz, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132