IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  08-22143 –CV-King/White

TERRENCE FREDERICK,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

      THIS CAUSE comes before the Court upon Magistrate Judge Patrick A. White's Report and Recommendation ("R and R")(DE #25) on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government filed its Objections (DE #26), and Petitioner filed his Response thereto (DE #31).  The issue in this case is one of procedural default.  That is, can Petitioner, having failed to raise an argument on direct appeal, now raise that argument on collateral review? For the reasons detailed below, this Court concludes that he can.

### I.    Factual and Procedural Background

      Petitioner was convicted of two counts of possession of cocaine and marijuana, entered following a guilty plea, as well as one count of being a felon in possession of a firearm, entered following a jury verdict in case number 01-62-Cr-King in 2001.  In that case, the  PSI set Frederick's base offense level at 24, pursuant to U.S.S.G. §2K2.1(a)(2), because the offense involved the unlawful possession of a firearm by a defendant who has two prior felony convictions for either a crime of violence or a controlled substance offense.  The probation

officer further determined that Frederick was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. § 4B1.4(a), because two or more violent felonies were sufficient for a sentence enhancement under the sentencing guidelines, and the Movant had five prior convictions for violent felonies. Four of the five violent felonies were convictions for carrying a concealed firearm, which qualified as "violent" felonies under Eleventh Circuit precedent at that time. Pursuant to U.S.S.G. § 4B1.4(3)(B), the offense level for an armed career criminal was set at a level 33. The sentencing guidelines provide that a level 33 sentencing may range from135 to 168 months in prison, but because the Movant qualified for the enhanced sentence as a career criminal, he was ultimately sentenced to a term of 180 months in prison as to Count 1, and two concurrent terms of 3 years in prison as to Counts 2 and 3, followed by a total of 5 years supervised release. At sentencing, Frederick's counsel argued that his firearm possession felonies should not be considered "violent" felonies for the purpose of the sentencing enhancement guidelines. However, because clear Eleventh Circuit precedent at the time dictated that firearm possession qualified as "violent," the argument was not raised again on direct appeal.

After the sentence was affirmed on direct appeal, the Supreme Court issued its opinion in *Begay v. United States*, 128 S. Ct. 1581 (2008), which narrowed the scope of what constitutes a "violent" felony for purposes of the armed career criminal sentencing enhancement. Thereafter, relying on *Begay*, the Eleventh Circuit reversed itself in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), holding that firearm possession no longer qualified as a "violent" felony for purposes of the sentencing enhancement. Therefore, Frederick's current sentence exceeds what is now the correct maximum statutory sentence, and he has moved under Section 2255 to correct his sentence on the basis of the recent change in case law. Although the Government concedes

that, ordinarily, the change in sentencing law would apply to him, the Government maintains that because his counsel failed to raise this issue on appeal, which is required by Section 2255, he has waived or procedurally defaulted as to this argument, even though the recent case law that changed the sentencing guidelines occurred after his appeal.

However, in his Report and Recommendation (R&R) addressing whether Petitioner should have his sentence set aside, Magistrate Judge Patrick White has sided with the Petitioner. Although Judge White concedes that Frederick has procedurally defaulted, he concluded that the "actual innocence" exception to the procedural default rule should be applied. Under this doctrine, if a petitioner is "actually innocent" of a crime, his failure to preserve an argument on appeal should not bar him from relief. In the sentencing context, "actually innocent" would mean that a petitioner's actions did not actually warrant the sentence he received at the time he committed the crime. However, the case law surrounding the meaning and applicability of the "actual innocence" doctrine to sentencing is inconsistent, and no clear standard exists in the Eleventh Circuit. In this vein, the Government has objected to the Magistrate Judge's R&R.

II.   **Discussion**

    A.    **A petitioner may overcome procedural default by showing that he is actually innocent of a sentencing enhancement in a capital sentencing case, but it is unclear whether this principle applies to noncapital cases.**

The Supreme Court in *Murray v. Carrier*, 477 U.S. 478, 480-81 (1986), held that federal courts may grant writs of habeas corpus to a petitioner who has procedurally defaulted on his claim, even in the absence of good cause for the default, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. The Court then determined in *Sawyer v. Whitley*, 505 U.S. 333, 345 (1992), that a petitioner's actual innocence may excuse the aggravating factors necessary for a capital sentence. The Court, however, has never expressly

3

extended the actual innocence exception to noncapital offenses.

**B.    There is a Circuit split as to whether the actual innocence exception applies to noncapital sentencing cases.**

There is a split in opinion regarding whether the actual innocence exception may be extended to noncapital sentencing cases. The Seventh and Tenth Circuits hold that the actual innocence exception does not apply to noncapital sentencing cases. *See Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997); *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996). Conversely, the Second, Fourth, Fifth, and Eighth Circuits hold that the actual innocence exception does apply to noncapital sentencing cases, but thus far those circuits have only applied it to cases in which petitioners challenged a habitual-offender sentencing enhancement based on the fact that they did not actually commit the act that resulted in the enhancement. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171 (2d Cir. 2000); *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999); *Haley v. Cockrell*, 306 F.3d 257, 265 (5th Cir. 2002), (vacated and remanded on other grounds, 541 U.S. 386); *Embrey v. Hershberger*, 131 F.3d 739, 740-41 (8th Cir. 1997). The Third Circuit has also addressed this issue, but has not explicitly accepted one position over another. *See Cristin v. Brennan*, 281 F.3d 404, 422 (3d Cir 2002). It appears that no Circuit has addressed the issue of whether the actual innocence exception applies when a petitioner claims that the act resulting in his sentence enhancement did not legally qualify as a sentence-enhancing act. That is, in the instant case, Petitioner does not claim that the trial court incorrectly found that he actually possessed the firearm; rather, he claims that such a finding no longer legally qualifies for the sentencing enhancement.

The Circuits that have determined that the actual innocence exception may be extended to noncapital sentencing cases reason that the Supreme Court has stated that the purpose of the rule

is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons. *See Haley*, 306 F.3d at 265 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

    **C.**     **The Eleventh Circuit has not directly addressed this issue, but one District Court in the Middle District of Florida has held that the actual innocence exception applies to noncapital sentencing cases.**

It appears that the Eleventh Circuit has not addressed this issue. However, Judge Lazzara in the Middle District in *George v. United States*, 2009 U.S. Dist. LEXIS 44788 (M.D. Fla. 2009), recently held that the actual innocence exception applies to noncapital sentencing cases. The facts in *George* are nearly identical to those of the instant case. In *George*, the movant filed a section 2255 petition, arguing that his sentence should be corrected based on the Supreme Court's decision in *Begay* and the Eleventh Circuit's subsequent holding in *Archer*, because the enhancing crime he committed no longer qualified as "violent," and therefore his sentence should not have been enhanced. However, he, like Petitioner in the instant case, failed to raise the issue on direct appeal. The court held that the actual innocence exception applied, and that, despite the fact that the movant in *George* had procedurally defaulted, his petition for re-sentencing should be granted.

This Court agrees with Judge Lazzara's position in *George*. Criminal defendants should not be required to raise frivolous arguments on direct appeal, and they should not be penalized for failing to do so. Arguing against the sentencing enhancement on direct appeal would have been frivolous because the issue was clearly decided by controlling Eleventh Circuit law. Petitioner should not now be forced to serve a sentence that is greater than the statutory maximum because of an intervening change in the law. Therefore, the actual innocence exception should apply to Petitioner's case.

## III.    Conclusion

Accordingly, the Court having carefully considered the parties' arguments and the legal authorities cited therein, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1.  Judge White's Report and Recommendation (DE #25) is hereby **AFFIRMED** and **ADOPTED** as an Order of this Court.

2.  Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence (DE #1) is hereby **GRANTED.**

3.  Petitioner's criminal sentence in Case No. 01-62-CR-KING is hereby **VACATED.**

4.  Petitioner will be re-sentenced on a date to be set by separate Order of this Court.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 12th day of August, 2009.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**
**Magistrate Judge Patrick A. White**

**Counsel for Petitioner**
Marc David Seitles
Marc D Seitles
169 E Flagler Street
Suite 1200
Miami , FL 33131
305-379-6667

Fax: 379-6668
Email: mseitles@seitleslaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Respondent**
Anne Ruth Schultz
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
305-961-9117
Fax: 530-7941
Email: anne.schultz@usdoj.gov
TERMINATED: 08/11/2008
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Monique Botero Annunziato
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
305-961-9427
Fax: 305-536-4699
Email: monique.annunziato@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED